IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOEL RAY RUMBAUGH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-599 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed a section 2254 habeas case challenging his 2017 conviction and life sentence for aggravated sexual assault of a child. Respondent filed a motion for summary judgment on June 18, 2019, serving petitioner a copy at his address of record that same date. (Docket Entry No. 20.) Despite expiration of a reasonable period of time of forty-five days or more, petitioner has failed to respond to the motion for summary judgment, and the motion is uncontested.

Having considered the motion, the pleadings, the record, and the applicable law, the Court GRANTS summary judgment and DISMISSES this lawsuit for the reasons shown below.

### *Background and Claims*

Petitioner pleaded guilty to aggravated sexual assault of a child and was sentenced to life imprisonment in August 2017. His subsequent notice of appeal was dismissed for want of jurisdiction by the intermediate state court of appeals. His application for state

habeas relief was denied by the Texas Court of Criminal Appeals on December 5, 2018. Petitioner filed this timely federal habeas petition on February 20, 2019.

Petitioner raises the following grounds for federal habeas relief in the instant proceeding:

1. The State breached the plea agreement by informing the trial court of petitioner's other sexual assault convictions;

2. Petitioner's guilty plea was involuntary because he was led to believe he would receive leniency from the trial court;

3. Trial counsel was ineffective and unprepared for sentencing due to a family death and office flooding;

4. Petitioner discovered new evidence during prison counseling that he was sexually abused as a child and has PTSD; and

5. The trial court did not consider the testimony of petitioner's expert witness during sentencing.

Respondent argues that these habeas grounds have no merit and should be summarily dismissed.

## *The Applicable Legal Standards*

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly

established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.*, at 102–03 (emphasis added; internal citations omitted).

3

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

*Summary Judgment*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant.

4

Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

## *State Trial Court Findings on Habeas Review*

The state trial court made the following findings on state habeas review:

1. Applicant filed his first application for writ of habeas corpus pursuant to Article 11.07 of the Code of Criminal Procedure in the above-numbered cause asserting the following grounds for relief:

    a. The Trial Court misled the applicant making the applicant believe The Trial Court would show leniency.

    b. Applicant's attorney [was] ineffective, unavailable for preparation, and misled him[.]

    c. The State Breached the Plea Bargain Agreement[.]

    d. Post Sentence evidence uncovered after his sentence should have been admitted.

2. All of the above allegations are unfounded.

3. Applicant entered a plea bargain agreement with the State whereby the State abandoned the continuous allegation of the underlying conviction and dismissed three other charges.

4. Applicant is not credible[.]

5. Applicant's [trial counsel] is credible[.]

6. Applicant's [trial counsel] was well prepared and put on a solid defense.

7. Applicant testified at the sentencing hearing against his attorney's advice.

8. Applicant insisted on a strategy at trial that his attorney advised him not to do.

9. Applicant was his worst enemy during cross examination leaving a very bad impression on The Trial Court[.]

10. The Trial Court was not moved by the Applicant's testimony.

11. The State honored the plea bargain agreement as it was presented to The Trial Court.

12. The alleged new evidence would not have swayed The Trial Court.

13. Nothing in applicant's writ of habeas corpus as it applies to new evidence points to anything of a redeeming value that would have impressed The Trial Court.

14. Applicant made numerous false statements in his writ of habeas corpus.

15. Applicant testified at trial and during that testimony he consistently tried to minimize his conduct, not accept full responsibility for what he did to his grandson, and blame everything else in his life but himself.

*Ex parte Rumbaugh*, at 184–85 (original capitalizations). The Texas Court of Criminal Appeals relied on these findings in denying habeas relief. *Id.*, at cover.

### *Breach of Plea Agreement*

Petitioner contends that his plea agreement was breached because the trial court was informed of petitioner's prior sexual assault convictions at sentencing.

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such

promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). This Court "must interpret the plea agreement like a contract, in accord with what the parties intended." *United States v. Bond*, 414 F.3d 542, 545 (5th Cir. 2005). However, under Fifth Circuit precedent, a petitioner who relies on an unfulfilled state promise to obtain habeas relief "may not rely on conclusory allegations or even his own unsupported testimony." *Smith v. Blackburn*, 785 F.2d 545, 548 (5th Cir. 1986). To merit habeas relief under such claim, a petitioner must prove "(1) exactly what the terms of the promise were; (2) exactly when, where, and by whom such a promise was made; and (3) the precise identity of an eyewitness to the promise." *Hayes v. Maggio*, 699 F.2d 198, 203 (5th Cir. 1983).

Petitioner does not meet this burden of proof. As found by the state trial court on collateral review, "[Petitioner] entered a plea bargain agreement with the State whereby the State abandoned the continuous allegation of the underlying conviction and dismissed three other charges." *Ex parte Rumbaugh*, at 184. The trial court further found that, "The State honored the plea bargain agreement as it was presented to The Trial Court." *Id.*, at 185 (original capitalizations).

The open plea agreement did not obligate the State to withhold from the trial court information regarding petitioner's sexual molestations of his other grandsons. To the contrary, the agreement limited only the criminal conduct to which petitioner would plead guilty. Moreover, no agreements were made as to what evidence the State would, or would not, present at the punishment hearing. To the contrary, the record clearly shows

7

that petitioner understood, and agreed, that the State would have the right to introduce evidence of his convictions for sexual assault of his other three grandsons. Specifically, petitioner acknowledged in writing that, as to the other convictions, "I ask that the Court take into account my guilt in the above felony offense(s) in determining sentence in the felony in which I shall stand adjudged guilty, thereby barring further prosecution of said offense(s)." *Id.* at 15, 18, 20, 21.

The state court rejected petitioner's claim for breach of the plea agreement. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

## *Involuntary Plea*

Petitioner argues that his guilty plea was involuntary and unknowing because he was led to believe that the trial court would be lenient at sentencing. Petitioner testified at the punishment hearing that he believed imprisonment and therapy for a few years would be appropriate. He claims that he was denied leniency because the trial court imposed a life sentence.

The Constitution requires that a defendant enter a guilty plea that is voluntary and that his related waivers be made knowingly, intelligently, and with sufficient awareness of the relevant circumstances and likely consequences. *United States v. Ruiz*, 536 U.S. 622, 629 (2002); *see also Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000). A

defendant should be informed of the consequences of his plea, which is satisfied if he is informed of the maximum term of imprisonment. *Hobbs v. Blackburn*, 752 F.2d 1079, 1082 (5th Cir. 1985). Under Supreme Court precedent, "[a] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by . . . misrepresentation (including unfulfilled or unfulfillable promises)." *Brady v. United States*, 397 U.S. 742, 755 (1970).

The state court records and plea documents in this case demonstrate that petitioner received the constitutionally-required information. Moreover, trial counsel's affidavit establishes that petitioner was well aware that his range of punishment under the plea agreement included a life sentence. Trial counsel testified in her affidavit that she advised petitioner of three options for proceeding forward, one of which was to

> [p]lea to the charge and appeal to the Court for leniency at a sentencing hearing. I explained to Mr. Rumbaugh that we could enter an open plea and that we could present a case to the court explaining his actions. I explained to Mr. Rumbaugh that there are four alleged victims and that the state is offering a plea deal to one alleged victim and the state would dismiss the charges relating to the other three alleged victims pursuant to Texas Penal Code Rule 12.45(a) and that we are only pleading to one count of Aggravated Sexual Assault of a Child under 14 (continuous). I further explained to Mr. Rumbaugh the penalty range the court would be using to sentence him and that this options could be done without having his grandsons testify but Mr. Rumbaugh would be allowed to be heard by the Court and a plea for leniency can be done at this time in hopes that the Court would give him something less than the life sentence the state was offering. Mr. Rumbaugh felt this was the best option for him and the one where he would have the best chance at receiving a sentence less than life.

9

*Ex parte Rumbaugh*, at 57. Petitioner ultimately chose the above option, and they moved forward on the open plea agreement:

> At the time Mr. Rumbaugh entered the plea agreement he and I went through each document that he signed and I thoroughly explained each document including the document dismissing the unadjudicated offenses against the other three alleged victims. Mr. Rumbaugh was given time to read the documents and ask questions if he did not understand something as well as the option to not move forward with the plea deal if he wanted to exercise another option.

*Id.* Moreover, the plea hearing record reflects the following exchanges between petitioner and the trial court:

| | |
|---|---|
| THE COURT: | Do you understand when you plead guilty – and my understanding is you're going to be pleading guilty without a recommendation or without an agreement as to punishment – the Court is going to have the discretion to award punishment within the range of 5 years in prison to 99 years in prison or life in prison. I want you to understand that. |
| DEFENDANT: | Yes, your Honor. Yes, sir. |
| THE COURT: | So do you understand that, if you plead guilty here today, that is the range of punishment? |
| DEFENDANT: | I do understand that, your Honor. |

\* \* \* \*

| | |
|---|---|
| THE COURT: | So that's what you want to do: Plead guilty, have this Court accept your plea of guilty, and this Court assess punishment without a jury trial? |
| DEFENDANT: | Yes, sir. |
| THE COURT: | All right, I will accept your plea of guilty. |

*Ex parte Rumbaugh*, at 66, 69. Petitioner additionally affirmed that he was freely and voluntarily pleading guilty, was satisfied with his legal representation, did not want additional time to investigate, and that he understood the plea paperwork. *Id.*, at 66–71.

Petitioner presents no probative summary judgment evidence that he was led to believe the court would be lenient at punishment if he pleaded guilty, and none appears in the record. To the contrary, the record shows petitioner was consistently advised that life imprisonment would remain a potential punishment following a plea. Although Counsel advised petitioner that an open plea would provide petitioner his best chance at receiving a sentence less than life, neither she, the State, nor the trial court led him to expect leniency. Petitioner may have hoped for leniency or believed that he deserved such leniency, but he was not promised leniency. Habeas relief is unwarranted.

The state court rejected petitioner's claims challenging the voluntariness of his guilty plea. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

### *Ineffective Assistance of Trial Counsel*

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984).

To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard,

unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

Petitioner claims that trial counsel was unprepared and ineffective at sentencing due to a death in her family and flooding of her office. In her affidavit submitted to the state trial court, counsel testified in relevant part as follows:

> [Petitioner] filed an appeal based on ineffective assistance of counsel due to extenuating circumstances of Hurricane Harvey and a death in my family resulted in not being able to communicate with me and therefore we were not able to form a defense. According to my records I met with [petitioner] in court on four occasions and in jail on three occasions once in July and twice in August at each visit we discussed the charge and offer from the state.
>
> There was a death in my family at which time I closed my office early and traveled out of state for a funeral. I forwarded my calls to my cell phone and traveled with my laptop so that I was able to work on client files during downtime while I was out of town. I was only out-of-town for 5 day two of which were a Saturday and Sunday.
>
> [Petitioner] also alleges that Hurricane Harvey and the subsequent flooding caused me to be unavailable to defend him. The hurricane and flooding did require me to have to alter my normal way of doing business, but it did not prevent me from preparing for the sentencing hearing.
>
> \* \* \* \*
>
> [Petitioner] is correct in stating that during the time he was in jail in Fayette County there was a death in my family and there was a hurricane that caused me to have to reschedule my visit with him at the jail, however I did reschedule my visit and we discussed in detail [petitioner's] case and his options.
>
> \* \* \* \*

13

> [Petitioner] was sentenced on August 23, 2017 which was set for a sentencing hearing on August 9, 2017. Prior to this date there was record flooding in Fayette County and there were several days in which I was not able to travel to my office and the jail. However, I was well aware of the possibility of the flooding and in preparation I packed up all of my active files and moved them to my home where I was able to review [petitioner's] file and work on our strategy for the upcoming hearing while sheltering in place at my home during the hurricane and subsequent flooding. My not being able to get to my office or communicate with [petitioner] for a short period of time in no way affected my ability to prepare for the sentencing hearing.

*Ex parte Rumbaugh*, at 56–58. The state trial court expressly found that trial counsel was credible, and that petitioner was not credible. *Id.*, at 184.

Neither petitioner nor the record establishes that counsel was deficient or that, but for any alleged deficiency, there is a reasonable probability that petitioner would have received a lower sentence. Petitioner fails to demonstrate deficient performance and prejudice under *Strickland*, and habeas relief is unwarranted.

The state court rejected petitioner's claims of ineffective assistance and found that trial counsel was not ineffective. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

### *New Evidence*

Petitioner next alleges that, during counseling sessions at prison following his conviction, he discovered that he was sexually abused as a child and had PTSD (post-

traumatic stress disorder). He argues that this new evidence should allow a reconsideration of his plea and sentence.

Petitioner misstates the facts. He testified at length during the punishment phase of trial that he had been sexually molested as a child by older youths in his neighborhood, and that the incidents left him angry, suicidal, and with homosexual intents and desires, "demonic forces controll[ing his] life all the way through adolescence and into [his] adulthood[.]" *Ex parte Rumbaugh*, at 136–37. Consequently, his history of sexual abuse as a child and the effects it had on his life did not constitute "new evidence." That petitioner may have had PTSD is not established by probative, competent summary judgment evidence in the record. Petitioner's conclusory allegations are unsupported and insufficient to raise a genuine issue of material fact sufficient to preclude summary judgment. *See Ross v. Estelle*, 694 F.2d 1008, 1011–12 (5th Cir. 1983); *Koch v. Puckett*, 907 F.2d 524, 529 (5th Cir. 1990). Regardless, the state trial court expressly found that "The alleged new evidence would not have swayed The Trial Court," and that "Nothing in applicant's writ of habeas corpus as it applies to new evidence points to anything of a redeeming value that would have impressed The Trial Court." *Ex parte Rumbaugh*, at 185 (original capitalizations). No issue or error of a constitutional dimension is shown, and habeas relief is unwarranted.

The state court rejected petitioner's claims regarding new evidence. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the

facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

### *Expert Witness*

Petitioner claims that the trial court did not consider the testimony of his expert witness, Rebecca Hegar, during the punishment phase of trial. In support, petitioner appears to argue that, had the trial court considered the testimony, he would not have imposed a life sentence.

The record shows that Rebecca Hegar testified on behalf of the defense during punishment. She stated that she had a doctorate in social work and occasionally appeared as an expert witness at trial in cases involving the state and child abuse. *Ex parte Rumbaugh*, at 112–13. She testified in general terms regarding sexual molesters and recidivism, and based her testimony on a review of the literature. Hegar stated she had no clinical experience in treating sexual molesters, and that petitioner's case was her first time testifying as an expert witness on behalf of a sexual offender. *Id.*, at 123. She further stated that she was personally acquainted with petitioner due to his prior employment as her father's caretaker, and that she thought very highly of him. *Id.*, at 118.

Nothing in the record supports petitioner's bald assertion that the trial court did not consider Hegar's testimony in determining petitioner's sentence. Rather, the trial court clearly stated on the record that it was "troubled" by petitioner's own testimony presented during the punishment hearing. The court was particularly troubled by petitioner's

16

inability to accept responsibility for sexually molesting his grandson, and found that petitioner "was his worst enemy during cross examination leaving a very bad impression on The Trial Court; that the court was not moved by petitioner's testimony; and that petitioner "consistently tried to minimize his conduct, not accept full responsibility for what he did to his grandson, and blame everything else in his life but himself." *Ex parte Rumbaugh*, at 185.

Under Rule 2(c) of the Rules Governing Section 2254 Cases, a petitioner is required to plead facts in support of his claims. Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011–12 (5th Cir. 1983). Conclusory allegations do not raise a constitutional issue in a habeas proceeding. *Id.* at 1012. Petitioner's conclusory allegations are insufficient to support a habeas claim or to raise a genuine issue of material fact precluding summary judgment. *See Koch v. Puckett*, 907 F.2d 524, 529 (5th Cir. 1990). Habeas relief is unwarranted in this instance.

The state court rejected petitioner's claims regarding his expert witness. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

## *Evidentiary Hearing*

A district court may hold an evidentiary hearing only when the petitioner has shown either that a claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable juror would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B). Petitioner here has not met these requirements, and the Court has determined that no evidentiary hearing is necessary for disposition of the claims raised in this habeas proceeding.

## *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 20) is GRANTED and this case is DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas on August 7, 2019.

Gray H. Miller
Senior United States District Judge